IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:23-cv-00791-NYW

MICHAEL BRETZ,

    Plaintiff,

v.

BRETT POWELL, JERAD HARTY, KEN KIMSEY,

    Defendants.

## TEMPORARY RESTRAINING ORDER

    At approximately 1:42 yesterday afternoon plaintiff, an inmate in the Logan County Jail, through counsel, filed a Complaint and other papers, including a motion for an ex parte temporary restraining order. ECF No. 4. The case was randomly assigned to a magistrate judge and then, because of the motion, reassigned to United States District Judge Nina Y. Wang. As Judge Wang is on vacation today, the motion for a TRO made its way to this Court for consideration.

    The plaintiff has an open, self-inflicted wound on his arm that is graphically displayed in a photograph incorporated into the complaint and the motion and is alleged to be dangerously infected. However, according to the motion prepared by Texas counsel on behalf of the plaintiff, the jail is both incapable of treating the wound properly and unwilling to transport Mr. Bretz to a local hospital for treatment. On review of the motion it was clear to the Court that it did not

1

comply with Fed. R. Civ. P. 65(b)(1) which permits the issuance of an ex parte temporary restraining order only where there is a showing of immediate and irreparable harm and "the movant's attorney certifies in wring any efforts made to give notice and the reasons why it should not be required." The motion acknowledges the rule and asserts compliance. However, as is evident in paragraph 5 of the motion, counsel made no effort to notify the jail of either the filing of the complaint or the motion for a temporary restraint order. Rather, the motion simply states that the jail is aware of the plaintiff's need for medical care, which is not the point.

The Court attempted to contact plaintiff's counsel with the goal of notifying the jail and then holding an immediate hearing. Initially, the Court was informed that counsel was at an opening day baseball game. On further contact, in which the urgency of the situation was stressed to counsel, Judge Wang's Chambers were informed of the following at approximately 3:30 p.m.:

> He called me back and told me that he attempted to call the Sherriff and left a voicemail; he called Defendant Jared Harty and left a voicemail message and sent him a text message; he called the jail and spoke with an officer, who told him that she would get in contact with her lieutenant, but that he was "in an interview" right now; and that he called and left a voicemail with the Logan County Attorney's Office. He says that he has not heard back from anyone yet.

The Court determined that it would wait until 4:00 p.m. to see whether counsel had received any response from jail personnel. It is now 3:58 p.m. and Judge Wang's Chambers has just received the following communication:

> Quick update: I just spoke with Plaintiff's counsel again. He was able to speak with both Defendants Jared Harty and Ken Kimsey over the phone, but they want to talk to their attorneys and say they are not available for a hearing this afternoon. He said that he explained the basis of the TRO request to each of them. He also told me that he explained the basis of the TRO request to his email and voicemail to the Logan County Sheriff (who is apparently on vacation) and

the Logan County Attorney's Office.  He hasn't heard back from the jail lieutenant.

The Court understands the desire of the jail officials to consult with counsel, and it finds that plaintiff's counsel's failure to contact the jail earlier today is largely responsible for the situation.  However, the Court has no medical evidence regarding the seriousness of the allegedly infected wound.  Just judging by the photograph it seems apparent that medical attention is necessary.  If the jail cannot provide that medical attention, then a trip to the local hospital's emergency room appears to be appropriate.  An unnecessary trip (if it turns out to have been unnecessary) is a relatively minor inconvenience.  The harm that could potentially be caused by an untreated open infection could be quite serious.  According, the Court now GRANTS the motion for a temporary restraining order and ORDERS THE LOGAN COUNTY JAIL IMMEDIATELY TO TRANSPORT MR. BRETZ TO THE NEAREST HOSPITAL EMERGENCY ROOM FOR EXAMINATION AND APPROPRIATE TREATMENT.  Plaintiff's counsel is ordered to have this order served on the jail immediately.

DATED and signed at 4:05 p.m. this 30th day of March, 2023.

BY THE COURT:

*[signature: Brooke Jackson]*

---
R. Brooke Jackson
Senior United States District Judge